UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| PATRICIA GAUTREAUX ADAMS, ET AL | CIVIL ACTION |
| VERSUS | NO: 20-730 |
| POPEYES LOUISIANA KITCHEN, INC. ET AL | SECTION: "S" (3) |

ORDER AND REASONS

IT IS HEREBY ORDERED that the **Motion in Limine to Exclude Hearsay** (Rec. Doc. 11) filed by defendant Popeyes Louisiana Kitchen's ("Popeyes" or "defendant") is **GRANTED**, and the **Motion in Limine to Exclude Opinion Testimony** (Rec. Doc. 11) is **GRANTED** as unopposed;

IT IS FURTHER ORDERED that Popeyes' **Motion in Limine Regarding Golden Rule, Conscience of the Community, and Reptile Theory Arguments** (Rec. Doc. 12) is **GRANTED in part**, insofar as Golden Rule arguments related to damages and "conscience of the community" arguments are excluded; **DENIED** insofar as Golden Rule arguments related to liability are allowed; and **DEFERRED** until trial with respect to the Reptile Theory arguments;

IT IS FURTHER ORDERED Popeyes' **Motion in Limine to Exclude Irrelevant and Prejudicial Evidence** (Rec. Doc. 13) is **DENIED** insofar as plaintiffs may be able to introduce previously undisclosed evidence if defendant opens the door to such evidence; **DEFERRED in part** as to habit evidence and evidence of prior lawsuits, claims, or accidents, and **GRANTED**

as unopposed as to all other issues.

## BACKGROUND

This matter arises out of a collision in the parking lot of a Popeyes store located on Veterans Memorial Highway in Jefferson Parish, Louisiana. Plaintiff, Patricia Gautreaux Adams, alleges she was injured when a vehicle being operated by Abraham Carbajal drove into the walkway handrail near where she was standing. After Carbajal backed his vehicle into a yellow light post, he accelerated forward into the handrail near where Adams was standing, injuring her. Plaintiff has sued Popeyes alleging, inter alia, that the accident was caused by the defective design of the parking lot and the lack of visibility of obstructions in the lot. In anticipation of trial, Popeyes has filed the instant motions in limine seeking to exclude certain evidence. They are discussed below in turn.

## DISCUSSION

I. **Motion in Limine to Exclude Hearsay and Opinion Testimony**

At his deposition, Carbajal testified that during the investigation immediately following the accident, the investigating officer, Detective Navo, told Carbajal that he himself had backed into the same obstruction. Also during the deposition, Carbajal was asked whether, if he were designing a parking lot, he would have placed the pole in the spot where it was located, and he responded he would not. Popeyes seeks to exclude this evidence, arguing that Navo's statement is inadmissible hearsay, and Carbajal's opinion on the parking lot's design is impermissible expert opinion testimony by a layperson. Plaintiffs do not oppose exclusion of the testimony regarding parking lot design, but contend that Carbajal's testimony regarding Detective Navo's

testimony is admissible because the prior accident is relevant to Popeyes' knowledge of an existing defect. Plaintiffs also state in passing that the statement is admissible under Federal Rule of Evidence 807, governing the residual hearsay exception, but do not argue why or how the rule applies to the specific facts at issue in this motion.

 Hearsay consists of an out of court statement made by a declarant and offered to prove the truth of the matter asserted in the statement. FED. R. EVID. 801. Hearsay is inadmissible except as permitted by a federal statute, the Federal Rules of Civil Procedure, or other rules established by the Supreme Court. FED. R. EVID. 802. In this case, plaintiffs seek to introduce through Carbajal's testimony the statement by Detective Navo that he was involved in a similar collision to prove that such collisions have previously occurred. This is classic hearsay. Further, plaintiffs have not identified any specific hearsay exception applicable to the statement, nor explained why the residual exception applies. The residual exception requires in part that the evidence "is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts." FED. R. EVID. 807(a)(2). Notwithstanding whether the other requirements for the residual hearsay exception have been met, plaintiffs have not made any showing that Detective Navo cannot, through reasonable effort, be called to testify. Accordingly, this motion is granted, and the testimony by Carbajal regarding Detective Navo's prior accident is excluded as hearsay. The motion in limine seeking to exclude the testimony regarding Carbajal's opinion on the design of the parking lot is granted as unopposed.

**II.     Motion in Limine Regarding Golden Rule, Conscience of the Community and Reptile theory Arguments**

In this motion, Popeyes requests the court to bar "Golden Rule," "Conscience of the Community" and "Reptile Theory" arguments and statements that will impermissibly appeal to the passion, prejudice, and sympathy of the jury. "A Golden Rule argument suggests that the jury place themselves in the plaintiff's position and do unto him as they would have him do unto them." Learmonth v. Sears, Roebuck & Co., 631 F.3d 724, 732 (5th Cir. 2011) (internal quotations and citations omitted). A conscience of the community argument "references to a community standard or expectation which would be disappointed unless the jury returned a large verdict in [the plaintiff's] favor." Westbrook v. Gen. Tire & Rubber Co., 754 F.2d 1233, 1238 (5th Cir. 1985). According to defendant, a Reptile Theory argument is premised on a 2009 book entitled "Reptile: the 2009 Manual for the Plaintiff's Revolution," and employs tactics to force jurors to make decisions based purely on perceived personal danger, instead of considering whether the plaintiff is entitled to damages under applicable legal standards.

Plaintiffs oppose the motion, arguing that Popeyes has not adequately defined the Reptile Theory, that it appears to seek exclusion of any argument that would evoke an emotional reaction from the jury, and that it should, but does not, specifically identify specific arguments it seeks to prohibit.

It is well-established that "Golden Rule" arguments are improper on the issue of damages. Brown v. Parker Drilling Offshore Corp., 410 F.3d 166, 180 (5th Cir. 2005). However, Golden Rule arguments are permissible on the question of liability. Stokes v. Delcambre, 710

F.2d 1120, 1128 (5th Cir. 1983). Accordingly, the motion is granted in part, but only insofar as plaintiffs are prohibited from using "Golden Rule"arguments in relation to damages.

With respect to "conscience of the community" arguments, the Fifth Circuit Court of Appeals has stated that such appeals "serve no proper purpose and carry the potential of substantial injustice when invoked against outsiders." Westbrook v. Gen. Tire & Rubber Co., 754 F.2d 1233, 1239 (5th Cir. 1985). Accordingly, such appeals will not be permitted at trial.

With respect to "Reptile Theory" arguments, the court agrees with plaintiffs that a motion seeking to exclude opposing counsel from employing tactics to force jurors to make decisions based purely on perceived personal danger is too abstract to justify an advance ruling. The motion is directed to "amorphous and ill-defined concepts rather than specific evidence" and "give[s] the court nothing objective to consider in deciding what language to prohibit." Baxter v. Anderson, 277 F. Supp. 3d 860, 863 (M.D. La. 2017). However, at trial, the court will instruct jurors that they are not to decide the case based on personal prejudice, passion, or bias. If specific instances arise at trial that counsel considers violative of this instruction, counsel may raise the objection at that time. Accordingly, this portion of the motion is deferred until trial.

**III.     Motion in Limine to Exclude Irrelevant and Prejudicial Evidence**

In this motion, defendant seeks to exclude 23 separate items that it is concerned will be admitted and that it considers irrelevant and prejudicial. Many of the items of concern are purely hypothetical, in that plaintiffs have not indicated that they intend to introduce them. Many seek rulings that need no argument or justification, for example, a ruling that the court will not allow an expert who was not disclosed to testify in accordance with the Federal Civil Rules and

Federal Rules of Evidence.

Plaintiff has opposed the motion in limine with respect to three items, which are discussed below.

Request Number 4 seeks a ruling prohibiting plaintiffs from offering into evidence any testimony or documents about matters not disclosed during discovery, including exhibits not identified in plaintiffs' responses to requests for production, answers to interrogatories, exhibit lists, or pretrial disclosures. Plaintiffs contend that they do not intend to offer any evidence that was not provided in discovery, but argue that if the defendant "opens the door" at trial by submitting evidence unknown to plaintiffs at this time, they should be allowed to offer rebuttal evidence. The court agrees, and accordingly, this portion of the motion is denied insofar as it seeks to exclude previously undisclosed evidence in rebuttal to new evidence introduced by the defendant.

Request Number 10 seeks to prohibit plaintiffs from mentioning, referencing, or suggesting that defendant or its agents and employees are in the habit of doing or not doing any particular thing unless it is established outside the jury's presence that the actions meet the requirement for a habit under Federal Rule of Evidence 406. Plaintiffs oppose, arguing that because whether defendant had constructive notice of the alleged hazard is at issue in this case, past history of habitual behavior may be relevant. Because depending on the facts adduced at trial such evidence may be admissible on the question of constructive notice, i.e., whether the defendant knew or should have known of the alleged hazard, the court defers ruling on this motion until trial.

Request Number 16 seeks to prohibit plaintiffs from mentioning or referencing other lawsuits, claims, or accidents involving the defendant, pursuant to Federal Rule of Evidence 404(b). Plaintiffs oppose on the same grounds, namely, that such evidence may be admissible on the question of constructive notice. Because depending on the facts adduced at trial such evidence may be admissible on the question of constructive notice, the court defers ruling on this motion until trial. Accordingly,

**IT IS HEREBY ORDERED** that the **Motion in Limine to Exclude Hearsay** (Rec. Doc. 11) filed by defendant Popeyes Louisiana Kitchen's ("Popeyes" or "defendant") is **GRANTED**, and the **Motion in Limine to Exclude Opinion Testimony** (Rec. Doc. 11) is **GRANTED** as unopposed;

**IT IS FURTHER ORDERED** that Popeyes'**Motion in Limine Regarding Golden Rule, Conscience of the Community, and Reptile Theory Arguments** (Rec. Doc. 12) is **GRANTED in part**, insofar as Golden Rule arguments related to damages and "conscience of the community" arguments are excluded; **DENIED** insofar as Golden Rule arguments related to liability are allowed; and **DEFERRED** until trial with respect to the Reptile Theory arguments;

**IT IS FURTHER ORDERED** Popeyes' **Motion in Limine to Exclude Irrelevant and Prejudicial Evidence** (Rec. Doc. 13) is **DENIED** insofar as plaintiffs may be able to introduce previously undisclosed evidence if defendant opens the door to such evidence; **DEFERRED in part** as to habit evidence and evidence of prior lawsuits, claims, or accidents, and **GRANTED**

as unopposed as to all other issues.

New Orleans, Louisiana, this  2nd   day of June, 2021.

                                            **MARY ANN VIAL LEMMON**
                                            **UNITED STATES DISTRICT JUDGE**