UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **PATRICIA GAUTHREAUX ADAMS, ET AL** | **CIVIL ACTION** |
| **VERSUS** | **NO:  20-730** |
| **POPEYES LOUSIANA KITCHEN, INC. ET AL** | **SECTION: "S" (3)** |

### ORDER AND REASONS

**IT IS HEREBY ORDERED** that the **Motion for Summary Judgment** (Rec. Doc. 15) is **DENIED**.

### BACKGROUND

This matter arises out of a collision in the parking lot of a Popeyes store located on Veterans Memorial Highway in Jefferson Parish, Louisiana. Plaintiff, Patricia Gautreaux Adams, alleges she was injured when a vehicle being operated by Abraham Carbajal drove into the walkway handrail near where she was standing. In backing out of his parking spot, Carbajal backed his vehicle onto the concrete base of a light post, and became stuck on the base. When he accelerated forward to release his vehicle from the base, his vehicle lurched forward, colliding with a handrail near where Adams was standing, and pushing it in so that Adams was pinned between two handrails, thereby injuring her. The accident was investigated by Jefferson Parish Sheriff's Office Sergeant Jeff Navo, who told Carbajal at the scene that he himself had previously backed into the light pole in the same fashion. Adams and her husband (collectively, "plaintiff"), have sued Popeyes alleging that the accident was caused by the defective design of

the parking lot, which failed to provide a safe means of egress for vehicles, failed to provide adequate safety for pedestrians on walkways, and failed to make obstructions properly visible (including the concrete base, which, while painted yellow, plaintiff asserts was too low to be adequately visible).

Popeyes has filed the instant motion for summary judgment, arguing that because of the acknowledged visibility of the light pole, any hazard it posed was open and obvious, and thus plaintiff cannot meet her burden of proof regarding the existence of an unreasonably dangerous condition. Popeyes further argues that plaintiff cannot prove any of their actions or omissions was a proximate cause of the accident. Plaintiff opposes the motion, arguing that a genuine issue of material fact exists regarding whether the parking lot was unreasonably dangerous, a question properly reserved for the trier of fact.

## DISCUSSION

### *Summary Judgment Standard*

Rule 56 of the Federal Rules of Civil Procedure provides that the "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Granting a motion for summary judgment is proper if the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits filed in support of the motion demonstrate that there is no genuine issue as to any material fact that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The court must find "[a] factual dispute . . . [to be] 'genuine' if the evidence is such that a reasonable jury could return a

verdict for the nonmoving party . . . [and a] fact . . . [to be] 'material' if it might affect the outcome of the suit under the governing substantive law." Beck v. Somerset Techs., Inc., 882 F.2d 993, 996 (5th Cir. 1989) (citing Anderson, 477 U.S. 242 (1986).

If the moving party meets the initial burden of establishing that there is no genuine issue, the burden shifts to the non-moving party to produce evidence of the existence of a genuine issue for trial. Celotex Corp. v. Catrett, 477 U.S. 317 (1986). The non-movant cannot satisfy the summary judgment burden with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence. Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

If the opposing party bears the burden of proof at trial, the moving party does not have to submit evidentiary documents properly to support its motion, but need only point out the absence of evidence supporting the essential elements of the opposing party's case. Saunders v. Michelin Tire Corp., 942 F.2d 299, 301 (5th Cir. 1991).

***Louisiana Civil code articles 2317 and 2317.1***

Louisiana Civil Code article 2317 provides that "[w]e are responsible, not only for the damage occasioned by our own acts, but for that which is caused by ... the things which we have in our custody." When the damage is caused by the ruin, vice or defect of a thing, the owner or custodian is liable "only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care." La. Civ. Code art. 2317.1. Thus, to establish a defendant's liability under Articles 2317 and 2317.1 for harm caused by a thing, a plaintiff must prove: (1) that the

defendant either owned or had care, custody, or control of the thing in question; (2) that the thing was a cause-in-fact of the plaintiff's injuries; and, (3) that the thing presented an unreasonable risk of harm. Graubarth v. French Market Corp., 970 So.2d 660, 663-64 (La. Ct. App. 2007) (citations omitted).

To determine whether a condition is unreasonably dangerous, courts consider: 1) the utility of the condition; 2) the likelihood and magnitude of the harm, including the obviousness and apparentness of the condition; 3) the cost of preventing the harm; and 4) the nature of the plaintiff's activities in terms of its social utility, that is, whether it is inherently dangerous. Dauzat v. Curnest Guillot Logging, Inc., 995 So.2d 1184, 1186-87 (La. 2008). With respect to the second factor, which encompasses the obviousness of the harm, "[a] landowner is not liable for an injury which results from a condition which should have been observed by the individual in the exercise of reasonable care, or which was as obvious to a visitor as it was to the landowner." Id. at 1186.

*Application to facts of case*

In this case, plaintiff alleges that her injuries were caused by the defective design of the parking lot. It is undisputed that Popeyes had custody of the parking lot. Thus, plaintiff must demonstrate that the design of the parking lot was a cause-in-fact of plaintiff's injuries, and that the design presented an unreasonable risk of harm.

Popeyes argues that a bright yellow light post is not unreasonably dangerous because it is open and obvious. This argument focuses on the issue of whether the driver, Carbajal, should have seen the obstruction and whether he was negligent in not seeing what he should have seen.

However, the instant suit does not seek to recover from Carbajal based on negligence (in fact, in this suit, plaintiff has not sued Carbajal at all), but from Popeyes based on liability for a defect in the design of its parking lot. Notwithstanding the yellow paint on the base, plaintiff contends that the proximity of the light pole to the parking space, the height of the base, the failure to provide safe egress for vehicles, and the failure to provide safe walkways for pedestrians, all made the design of the lot unreasonably dangerous.

In analyzing whether the parking lot design was unreasonably dangerous, the court considers the utility of the condition, the likelihood and magnitude of the harm, the cost of preventing it, and whether plaintiff's activities were inherently dangerous. See Dauzat, supra. The court recognizes that Popeyes is not liable for Adams' injury if it was the result of a condition which Adams should have observed in the exercise of reasonable care, or which was as obvious to her as it was to Popeyes. See id.

Plaintiff's activity – standing between two railings adjacent to a parking lot – is not inherently dangerous. Further, assuming the utility of a lighted parking lot, defendants have submitted no evidence – in the form of expert testimony, industry standards, or anything else -- on the likelihood and magnitude of the complained of harm occurring as the lot is currently designed, or the cost of preventing the harm by an alternative design.

In contrast, plaintiff has submitted evidence suggesting that Carbajal's collision with the light pole base was not an isolated event, and that Popeyes was aware of at least one prior collision. Plaintiff points to the fact that there were marks on the base suggesting other motorists had previously hit the concrete base, and emphasize the testimony of the investigating officer,

Sergeant Navo, who stated that he previously had hit the pole himself. While in his report, Navo attributed the cause of the collision in this case to the "careless operation of the motor vehicle," he also acknowledged that the height of Carbajal's SUV might have made the pole base less visible than it would have been to a driver in a sedan.

In sum, defendants' motion is entirely focused on whether the lamp pole base was open and obvious to Carbajal, and whether Carbajal was negligent in failing to see and avoid the lamp pole base. That focus is misplaced, because that is not plaintiff's theory of liability. On the record before it, defendants have not established that they are entitled to judgment as a matter of law finding that the parking lot design was not defective, and that the design was not a cause of plaintiff's injuries. Accordingly,

**IT IS HEREBY ORDERED** that the **Motion for Summary Judgment** (Rec. Doc. 15) is **DENIED**.

New Orleans, Louisiana, this  23rd  day of June, 2021.

MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE